Aleen Brooks v. Commissioner.
Brooks v. Commissioner
Docket No. 61822.
United States Tax Court
T.C. Memo 1957-76; 1957 Tax Ct. Memo LEXIS 174; 16 T.C.M. (CCH) 332; T.C.M. (RIA) 57076; May 15, 1957
John L. Flynn, C.P.A., United States National Bank Building, Portland, Ore., for the petitioner. John D. Picco, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: A deficiency of $120 has been determined by the Commissioner in the income tax of Aleen Brooks, the petitioner, for the taxable *175 year 1954. The only question for decision is whether the Commissioner erred in disallowing a dependency exemption for Carol Brooks, the child of petitioner. The facts which have been stipulated are found accordingly. [Findings of Fact] Petitioner filed her income tax return for 1954 with the district director of internal revenue for the district of Oregon. Her residence is in Portland, Oregon. In her return she note three $600 exemptions, one for herself, one for her mother who lived with petitioner, and one for her 15-year-old daughter, Carol Brooks. The respondent has disallowed the latter as a dependency exemption, which has resulted in a deficiency of $120. Respondent has conceded the dependency of petitioner's mother. The only issue remaining for decision is whether more than 50 per cent of the value of support furnished Carol during 1954 was furnished by petitioner. It is stipulated that $645.20 was received by petitioner in 1954 from the Social Security Administration representing insurance benefits due to Carol under Title 42, Section 402(d), United States Code, and that the entire amount was during that year expended by petitioner in her support. [Opinion] *176 Section 151(e) of the Internal Revenue Code of 1954 provides for the deduction from gross income of a $600 dependency exemption for each child dependent of a taxpayer who has not attained the age of 19 years at the close of the calendar year in which the taxable year of the taxpayer begins. "Dependent" is defined by section 152 of the 1954 Code, among others, as a child over half of whose support for the involved taxable year was furnished by the taxpayer. The latter section provides the only controversy raised by the parties. Petitioner contends that more than twice the amount of Social Security benefits received by her for the use of Carol were furnished during 1954 for her daughter's support. The evidence in support of her contention must be gleaned from the oral testimony of petitioner, unsupported by documentary evidence of any kind. From her testimony, we find that petitioner made expenditures for Carol's support during the calendar year 1954 for the following purposes: Clothing, $180.50, with an additional amount of $15, representing the cost of a "school" coat, the actual cost of which does not appear of record, but which we find under Cohan v. Commissioner, 39 Fed. (2d) 540; *177 food, $600; and weekly allowance of $2, $104. The reasonable value of housing furnished Carol was $31.67 per month or a total of $380 for the year. These items of support total $1,279.50. In order to prevail here, petitioner must show a total cost of Carol's support furnished by her in excess of $1,290.40. She contends the difference is more than accounted for by the fact that total living. expenses for the family were $2,660.26, which amount constitutes all of her earnings for the year plus Carol's receipts from the Social Security Administration; and that the Court should find that that portion of her total expenditures not specifically accounted for was, to the extent of one-third, expended for Carol's support. Of the total expenditures for the family, she accounts, in addition to the foregoing, as follows: Clothing, carfare, and care of hair of petitioner, $177; clothing for petitioner's mother, $50; food for petitioner and her mother, $900; taxes and insurance on the home, $127; and withholdings from petitioner's wages, $67.30. We find such expenditures were made as indicated. The balance of petitioner's income remaining unaccounted for is $439.46. Under Cohan v. Commissioner, supra, *178 we find $40 of the latter amount was expended for the necessary support of Carol during the year involved. Having so determined, it is apparent that more than 50 per cent of her support was furnished by petitioner. Decision will be entered for the petitioner.